UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARSHREK CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:13-CV-302 WCL |
| | ) |
| SOUTH BEND POLICE DEPARTMENT | ) |
| SCOTT C. HALE, SENIOR ATTORNEY ASSET | ) |
| FORFEITURE SECTION, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is a Motion to Dismiss (DE 13) pursuant to Fed.R.Civ. P. 12(b)(1) and 12(b)(6) filed by the defendant, City of South Bend Police Department (hereafter, "South Bend PD") on July 19, 2013. Plaintiff, proceeding *pro se,* responded on July 29, 2013. The South Bend PD did not reply. For the following reasons, the Motion to Dismiss will be GRANTED.

**DISCUSSION**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint, or a claim therein, for lack of subject-matter jurisdiction. Fed.R.Civ.P. 12(b)(1); *see Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction.... It is to be presumed that a cause lies outside this limited jurisdiction....").[1] In this case, plaintiff, Marshrek Clark ("Clark"), filed the present lawsuit seeking a "Writ of Mandamus" for the return of certain items of personal property and cash that the Defendants

---

[1] The Motion also states Fed.R.Civ.P. 12(b)(6) as a means to dismissing the complaint. Because this court lacks jurisdiction to grant the relief sought in the lawsuit, the Court is dismissing the case pursuant to the authority of Fed. R.Civ. P. 12(b)(1).

1

allegedly took from him. Defendants have moved to dismiss Clark's lawsuit contending that the items were lawfully forfeited to the South Bend PD pursuant to a valid judgment of civil forfeiture issued on June 27, 2012 in the St. Joseph Circuit Court and thus, Clark is attempting, by means of a writ of mandamus, to have this court overturn a valid state court judgment and order the return of the items. Defendants have attached a copy of the order of Civil Forfeiture to their motion.[2]

As a general matter, this court is authorized to issue a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a). Mandamus is a "drastic remedy traditionally used to confine a lower court to the lawful exercise of its jurisdiction or to compel it to exercise its authority when it has a duty to do so." *United States v. Lapi,* 458 F.3d 555, 560–61 (7th Cir.2006); see also *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34–35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980) (per curiam) ("Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy.").

Here, Clark asserts that the underlying state court judgment of civil forfeiture is invalid because he was not properly served or provided and opportunity to contest in the state civil forfeiture proceedings. However, this argument is one to be made to the state court, not here in a federal proceeding. Under the *Rooker–Feldman* doctrine, this Court has no subject matter jurisdiction to review the judgment of a state court. This doctrine derives from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v.*

---

[2]In ruling on a Rule 12(b)(1) motion, a district court may consider other materials in the evidentiary record outside of the pleadings in determining the nature of the jurisdictional facts. *Operative Plasterers & Cement Masons Int'l Ass'n of the U.S. and Canada, AFL–CIO v. Benjamin,* 776 F.Supp. 1360, 1362 (N.D.Ind.1991).

*Feldman,* 460 U.S. 462,(1983), and "precludes lower federal court jurisdiction over claims seeking review of state court judgments". *Remer v. Burlington Area School Dist.,* 205 F.3d 990, 996 (7th Cir.2000). Accordingly, Clark has not stated a claim for relief under the mandamus authority of this court and this court lacks jurisdiction to give him the relief he seeks by way of his petition for a writ of mandamus.  Accordingly, the Defendant's Motion to dismiss is GRANTED.

## **CONCLUSION**

Defendant's Motion to Dismiss (DE 13) is hereby GRANTED.  The Clerk is directed to enter judgment in favor of the Defendants.

Entered: September 9, 2013

s/ William C. Lee<br>
United States District Court